1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HENRY A. JONES, Jr.,
CDCR No. P-69574,

                              Plaintiff,

        vs.

GAIL MESSLER, Doctor, P&G;
MATTHEW BLAIDSDELL, Doctor,
PCP; MANI PASHMFOROUSH, MD; S.
GATES, Health Care Appeals,

                              Defendants.

Case No.:  3:22-cv-01480-JO-KSC

**ORDER:**

**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2];**

**AND**

**(2)  DIRECTING PLAINTIFF TO PAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

Plaintiff Henry A. Jones, Jr. ("Plaintiff" or "Jones"), currently incarcerated at California State Prison, Los Angeles, in Lancaster, California ("LAC"), has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Jones claims Defendants have violated his Eighth Amendment rights by failing to properly treat his heart condition and injuries resulting from a broken pacemaker wire. *See* Compl., ECF No. 1. Jones did not pay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he file a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's IFP motion and directs him to pay the civil filing fee to avoid dismissal.

1

## I.  Discussion

In order to further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA") § 804(g), 28 U.S.C. § 1915(g) (1996) provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted . . ..

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

Upon reviewing its docket and the Central District of California docket, the Court finds that Plaintiff has several strikes that render him ineligible to proceed IFP. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). After checking for cases filed under the same name and comparing handwriting and signatures, it appears that Plaintiff Henry A. Jones, Jr., identified as CDCR Inmate #P-69574, is the same individual who filed the following seven actions:

> (1) *Jones v. Pregerson, et al.*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal. Dec. 4, 2015) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous,

malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 10] (strike one);

(2) *Jones v. Pregerson, et al.*, No. 2:16-cv-0409-TJH-MRW (C.D. Cal. Jan. 27, 2016) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted [and] [s]eeks monetary relief from a defendant immune from such relief.") [ECF No. 12] (strike two);

(3) *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal. Oct. 4, 2016) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," and finding Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 5] (strike three);

(4) *Jones v. Pregerson, et al.*, No. 2:16-cv-7978-PA-JEM (C.D. Cal. Nov. 8, 2016) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" and noting Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 16], *appeal dismissed as frivolous*, *Jones v. Pregerson*, *et al.*, No. 16-56839 (9th Cir. Jun. 13, 2017) (strike four);

(5) *Jones v. Pregerson, et al.*, No. 2:19-cv-7875-GW-JEM (C.D. Cal. Nov. 4, 2019) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP and dismissing case on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," is barred by the three strikes provision of 28 U.S.C. § 1915(g), and seeks monetary damages from a defendant immune from such relief) [ECF No. 11] (strike five);

(6) *Jones v. Haily, et al.*, No. 3:20-cv-00215-GPC-KSC (S.D. Cal. Aug. 14, 2020) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP pursuant to 28 U.S.C. § 1915(g), dismissing case for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and denying motion for preliminary injunction [ECF No. 14] (strike six); and

(7) *Jones v. Doctors*, No. 3:21-cv-00531-DMS-MSB (S.D. Cal. Sept. 22, 2021) (associated with CDCR No. P-69574) (Order denying motion to proceed IFP pursuant to 28 U.S.C. § 1915(g), dismissing case for failing to

state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and denying motion for temporary restraining order [ECF No. 23] (strike seven).

Because Plaintiff has accumulated the above seven "strikes" while incarcerated, he cannot proceed IFP unless he meets the "imminent danger" exception to the three strikes provision of the PLRA. In order to do so, his pleadings must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Andrews*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Andrews*, 493 F.3d at 1053).

Plaintiff's allegations and the medical records he attaches to his Complaint, however, show no more than that he suffers from various chronic health conditions and that he disagrees with the course of treatment for those conditions.[1] He alleges that in April of 2021, the lead from his defibrillator broke off, "causing pains in [his] chest that is ongoing and plac[ing] the Plaintiff at risk of further complication if left untreated." Compl., ECF No. 1 at 3. Since then, he has not received appropriate medical care for the broken lead. *Id*. The medical records he has attached to his Complaint, however, show that on April 5, 2021, a cardiologist determined there was "no evidence of malfunction, lead dislodgment or other concerns." ECF No. 1-2 at 5. Jones further admits in his Complaint that in May of 2021, defendant Dr. Mani Pashmfaroush, who he describes as his heart specialist, told him the lead had not broken off. Compl., ECF No. 1 at 11. Following his cardiology consultations on July 19, 2021, and on August 2, 2021, Plaintiff's primary care

---

[1] "When evaluating the sufficiency of a pleading under Fed. R. Civ. P. 12(b)(6), we review only the allegations in the complaint and any attachments or documents incorporated by reference." *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (citing *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003)).

3:22-cv-01480-JO-KSC

provider noted he had "no chest pain or palpitations," and his defibrillator was operating within normal limits. *Id.* at 3. Based on Plaintiff's allegations and the medical records included in his complaint, the Court finds that Plaintiff has not sufficiently alleged that he has a broken defibrillator or any other related medical concern that poses an imminent threat of harm.  Because Plaintiff is not facing a harm that is "ready to take place," or "hanging threateningly over [his] head," Jones does not meet the "imminent danger" exception to the three strikes rule. *Andrews*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)); *see also See Stewart v. Lystad*, No. 2: 16-CV-01439-BHS-JRC, 2016 WL 6816278, at *2 (W.D. Wash. Oct. 14, 2016) (finding no imminent danger where prisoner, who suffered from foot pain caused by a broken screw, alleged the medical treatment she was receiving was insufficient) (citing *Andrews*, 493 F.3d at 1053); *see also Hicks v. Shakiba*, No. 21-CV-1867 JLS (AGS), 2022 WL 298371, at *2 (S.D. Cal. Feb. 1, 2022) (finding no imminent danger where plaintiff alleged he suffered a stroke because prison officials did not take his medical complaints seriously and prison officials were not responding to his complaints about medical care).

## II.  Conclusion and Orders

For the reasons set forth above, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. Section 1915(g);

(2)    **DIRECTS** Plaintiff to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a) no later than thirty (30) days from the date of this Order. If Plaintiff does not pay the civil filing fee by that date, the Court will dismiss the action[2];

(3)    **CERTIFIES** that an appeal from this Order would be frivolous pursuant to

---

[2] If Jones does pay the civil filing fee within the time stated, the Court will screen the Complaint pursuant to 28 U.S.C. § 1915A (West 2022).

28 U.S.C. § 1915(a)(3); and

/ / /

      (4)    **DIRECTS** the Clerk of the Court to close the file.

      **IT IS SO ORDERED**.



Dated: January 23, 2023

                    Hon. Jinsook Ohta
                    United States District Judge

3:22-cv-01480-JO-KSC